[715 NYS2d 168]

In the Matter of DAVID E. ZACEK, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, July 7, 2000

### APPEARANCES OF COUNSEL

*Anthony J. Gigliotti,* Syracuse, for petitioner.

*George C. Murad,* Utica, for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on February 21, 1990, and maintained an office for the practice of law in Whitesboro. This Court, by order entered March 8,

2000 (270 AD2d 969), suspended respondent pending investigation of charges against him pursuant to rule 1022.19 (f) (2) (22 NYCRR 1022.19 [f] [2]), for his failure to respond to subpoenas issued by petitioner. Petitioner subsequently filed charges against respondent, and respondent, in his answer, denied material allegations of the petition. Outstanding issues of fact have been resolved by stipulation, and respondent has filed a motion to vacate the suspension, which petitioner does not oppose.

We conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3])—neglecting a legal matter entrusted to him; and

DR 9-102 (c) (4) (22 NYCRR 1200.46 [c] [4])—failing to deliver promptly to a client or third person as requested by the client or third person properties in his possession that the client or third person is entitled to receive.

We have considered the matters in mitigation submitted by respondent, including that the misconduct occurred during a period when respondent was suffering from depression, for which he sought counseling. Additionally, we note the support for the reinstatement of respondent expressed by many of his colleagues. We conclude that the motion by respondent to vacate his suspension should be granted and that he should be censured. We direct that respondent continue in counseling for his psychological problems.

GREEN, J. P., PINE, WISNER, SCUDDER and KEHOE, JJ., concur.

Order of suspension vacated and order of censure entered.