[859 NYS2d 886]

In the Matter of DAVID E. ZACEK, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, July 3, 2008

## APPEARANCES OF COUNSEL

*Anthony J. Gigliotti, Principal Counsel, Fifth Judicial District Grievance Committee*, Syracuse, for petitioner.

*George C. Murad*, Utica, for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on February 21, 1990, and maintained an office for the practice of law in Whitesboro. The Grievance Committee filed a petition charging respondent with acts of misconduct that included neglecting client matters. Respondent failed to answer the petition or to appear before this Court on the return date and, by order entered October 31, 2007, we suspended respondent from the practice of law based on his default. Respondent thereafter moved to vacate the order entered upon his default, and we granted that part of the motion seeking permission to file an answer. In his answer, respondent admitted the material allegations of the petition, and he appeared before this Court and submitted matters in mitigation.

Respondent admits that he failed to respond to telephone messages from clients seeking information concerning the status of their legal matters, failed to appear for scheduled appointments with clients, failed to cooperate with the investigation conducted by the Grievance Committee with respect to complaints filed by clients and engaged in representation involving a conflict of interest. Additionally, respondent admits that he accepted a retainer fee from a client for representation in a bankruptcy matter, failed to complete the representation, and did not return the unearned fee to the client.

We conclude that respondent has violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 2-110 (a) (3) (22 NYCRR 1200.15 [a] [3])—failing to refund promptly any part of a fee paid in advance that has not been earned;

DR 5-105 (a) (22 NYCRR 1200.24 [a])—failing to decline proffered employment if the exercise of independent professional judgment on behalf of the client will be or is likely to be

adversely affected by the acceptance of the proffered employment, or if it would be likely to involve him in representing differing interests, and a disinterested lawyer would not believe that he or she could competently represent the interest of each client and each client did not consent to the representation after full disclosure of the implications of the simultaneous representation and the advantages and risks involved;

DR 5-105 (c) (22 NYCRR 1200.24 [c])—representing multiple clients with differing interests without disclosing the implications of the simultaneous representation and obtaining the consent of the clients to the representation; and

DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3])—neglecting a legal matter entrusted to him.

We have considered the matters submitted by respondent in mitigation, including that, at the time of the misconduct, respondent suffered from adult attention deficit disorder, a previously undiagnosed condition for which he has now sought treatment. Respondent, however, has a disciplinary history that includes a prior censure imposed by this Court for similar misconduct (*Matter of Zacek*, 274 AD2d 205 [2000]). Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended for one year, effective October 31, 2007, and until further order of the Court. Additionally, we direct respondent to pay restitution in accordance with the order entered herewith.

LUNN, J.P., FAHEY, GREEN and PINE, JJ., concur.

Final order of suspension entered.